UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

FOR COURT USE ONLY

**IN THE MATTER OF:**

**Sarah Lyn Holda**

S.S.# __xxx-xx-2402__
   and
**Christopher William Holda**

CASE NO. **10-46713**

S.S.# __xxx-xx-6550__   Debtor(s)   CHAPTER 13
_____/

### CHAPTER 13 PLAN

[ ] Original *OR* [ **X** ] Modification # **2**     [ **X** ] pre-confirmation *OR* [ ] post-confirmation

_____ First Plan Proposed After Consolidation of Cases

**I. PLAN PAYMENTS & DISBURSEMENTS**

This is the debtor's(s') latest Chapter 13 Plan. The following Classes of claims are established for payment from funds available by the Trustee except those identified as "direct payments" as indicated herein.

A. The debtor shall make payments in the amount of $1,761.45 per month by ACH for 48 months until August 18, 2014, then, when Sarah Lyn Holda's 401(k) loan is paid off, $2,379.83 per month by ACH for 2 months until October 18, 2014, then, when Christopher William Holda's 401(k) loan is paid off, $2,737.46 per month by ACH for 10 months, totaling **60** months (frequency).

B. Plan length: **60** months, commencing on the date of entry of the Order Confirming Plan, which shall also be the effective date of the Plan. The Trustee is hereby authorized to automatically adjust the Plan length an additional six (6) months to accomplish the purposes of this Plan, but in no event shall this Plan last more than five years.

C. Debtor commits 100% of all tax refunds received or entitled to after commencement of the case, and shall not alter any withholding deductions/exemptions without Court approval.

D. Treatment of claims

1. Class One - Administrative Expenses
   a. *Trustee fees* as determined by statute.
   b. *Attorney fees and costs*: An agreed fee of $ **7,000.00** less amounts paid as reflected in the Rule 2016(b) Statement, leaving a balance due of $ **5,548.00** plus costs advanced in the amount of $ **0.00** which totals $ **5,548.00** . Said sum to be paid at the rate of $ **277.40** per month.
   c. Other:

2. Class Two - Continuing Claims: Those secured claims on which the last payment is due beyond the length of the Plan [11 U.S.C. §1322(b)(5)] (except those claims subject to a lien strip - See Class Five). To the extent such claims are non-modifiable pursuant to 11 U.S.C. § 1322(b)(2), the Trustee shall adjust the monthly payment to such creditors upon compliance by the creditor with L.B.R. 3015-1(a)(9)(E.D.M.) and the debtor shall increase Plan payments as needed for such compliance.

   a. Post-Confirmation

| Creditor/Collateral | Monthly Payments |
|---|---|
| **Chase Manhattan Mortga**<br>1745 Wolf Lake Road<br>Grass Lake, MI 48158 | 884.17 |
| **Jackson City County Cu**<br>2008 Jeep Commander<br>24,000 miles<br>Good condition<br>Location: 3266 Sharon Hollow Road, Manchester MI 48158 | 405.00<br>*Direct by Debtor because<br>debtor is current* |

*Model Plan Version 2.0 - 05/01*

1

| Creditor/Collateral | Monthly Payments |
|---|---|
| Midwest Loan Services<br>　3266 Sharon Hollow Road<br>　Manchester, MI  48158 | 1,350.00<br>*Direct by Debtor becaue<br>debtor is current* |
| Countrywide Home Lending<br>　1041 William Street<br>　Jackson, MI  49201 | 0.00<br>*Surrender Property* |

b. Post-Petition/Pre-Confirmation Arrears- (TO BE PAID IN FIRST 12 MONTHS):

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Time to Cure |
|---|---|---|---|---|
| **-NONE-** | | | | |

3. Class Three - Executory Contracts and/or Unexpired Leases [11 U.S.C. §1322(b)(7) and 11 U.S.C. §365]
   a. Continuing, Post-Petition Obligations:

| Creditor/Collateral | Assume/<br>Reject/<br>Assign? | If assumed,<br>regular payment<br>per month | Lease/Contract<br>expiration date |
|---|---|---|---|
| **Camille Holda**<br>　**Debtor and her husband are leasing<br>　the real property at 1745 Wolf Lake<br>　Road, Grass Lake, MI  48158 to<br>　Debtor's husband's mother.** | **Assume** | **Not applicable because<br>Debtor is Lessor** | **Month to Month Lease** |

b. Pre-Petition Obligations:

| Creditor/Collateral | If assumed,<br>amount of<br>Default | If assumed,<br>number of months<br>to cure from<br>confirmation date<br>+ interest rate | If assumed,<br>monthly payment<br>on cure |
|---|---|---|---|
| **-NONE-** | | | |

4. Class Four - Arrearage on Continuing Claims [11 U.S.C. §1322(b)(5)]
   Pre-Petition Arrears:

| Creditor/Collateral | Arrears Amount | Interest Rate | Estimated Monthly Payment | Number of months to cure from confirmation date |
|---|---|---|---|---|
| **Chase Manhattan Mortga**<br>　**1745 Wolf Lake Road**<br>　**Grass Lake, MI  48158** | **876.40** | **0%** | **19.05** | **46** |

5. Class Five - Other Secured Claims:  Secured claims other than those listed in Classes Two and Four on which the last payment will become due within the Plan duration.  This class includes secured claims for which the Plan proposes to "strip" the lien and treat the claim as wholly unsecured pursuant to 11 USC 506 and 11 USC 1322, even if the last contractually-obligated payment is due after the completion of this Plan.

| Creditor/Collateral | "Crammed down" [11 U.S.C. 1325(a)(5)] or modified [11 U.S.C. 1322(b)(2)] Indicate Which | Market Value | Interest Rate | Monthly Payment (Incl. Interest) | Total to Pay (Incl. Interest) | Number of months from confirmation date |
|---|---|---|---|---|---|---|
| **Mortgage Electronic Registration Systems MERS is the holder of the Junior Lien on 3266 Sharon Hollow Road. The obligation is IN REM. MERS does not hold the note. Greentree Servicing LL,C is the servicer for the noteholder, Irwin Home Equity Loan Trust 2007-1. The note and the mortgage were split. Adversary proceeding against MERS was filed and judgment for lien strip was granted to Debtors.** | **Stripped Down / Lien Strip Subject to Adversary Proceeding** | 230,000.00 | N/A | N/A | N/A | N/A |
| **Santander Consumer USA 2007 Jeep Commander 35,000 miles Good condition Location: 3266 Sharon Hollow Road, Manchester MI** | Modified | 17,440.00 | 5% | 531.77 | 24,461.41 | 46 |
| **Washtenaw County Treasurer 3266 Sharon Hollow Road Manchester, MI 48158** | Modified | 230,000.00 | 18% | 62.93 | 2,894.88 | 46 |

**\*\*\* NOTICE TO "STRIPPED DOWN" CREDITORS: Any Creditor with a Claim labeled above as Stripped Down ("Stripped Creditor") is a holder of a junior mortgage on the Debtors residence that is totally unsecured due to the fact that senior liens equal or exceed the value of the property; THEREFORE, unless otherwise ordered by the Court, Stripped Creditor's claim shall be treated and paid as a Class 8 General Unsecured Claim and upon successful completion by Debtor of this plan or any post-confirmation modifications of this plan ("completion"), Stripped Creditor shall take every action necessary to effectuate a release of such mortgage lien from the Debtors residence that is legally described below with Stripped Creditor's claim. If such actions are not taken within 60 days after completion, then Debtor may file a copy of this plan and the Order Confirming Plan, any post – confirmation modification(s) and Order(s) confirming such modification(s), and proof of completion at the Register of Deeds for the County in which the property is located to effectuate release of Stripped Creditor's mortgage lien.**

**In the event the Debtor, prior to the completion of the Chapter 13 case and receipt of a Chapter 13 Order of Discharge, refinances either of the loan on the subject property or sells the subject property, then, pursuant to 11 USC § 1325(a)(5)(B), the Debtor shall pay the entire balance due on the mortgage in full at closing. Further, Creditor shall retain its security interest until the Plan is successfully completed and a Chapter 13 Order of Discharge is issued by the Court. In the event that the case is converted or dismissed before completion of the Plan, Creditor shall retain its security interest until the full amount of the claim as determined under applicable non-bankruptcy law is paid in full.**

**The Debtor's attempt to strip this lien is subject to an Adversary Proceeding in the Bankruptcy Case.**

**The legal description of the property that is the subject of the lien strip is:**

*Model Plan Version 2.0 - 05/01*

3

A parcel of land in the Northeast 1/4 of Section 17, Town 3 South,
Range 3 East, Sharon Township, Washtenaw County, Michigan; the
boundary of said parcel being described as commencing at the
Northeast Corner of Section 17, Town 3 South, Range 3 East, Washtenaw
County, Michigan; thence South 90 degrees 00 minutes 00 seconds West
676.51 feet; thence South 00 degrees 19 minutes 10 seconds West,
1330.84 feet to the Point of Beginning; thence South 00 degrees 19
minutes 10 seconds West 675.49 feet; thence North 90 degrees 00
minutes 00 seconds West 675.08 feet; thence North 00 degrees 19 seconds
10 minutes East 675.49 feet; thence South 90 degrees 00 minutes 00
seconds East 675.08 feet to the Point of Beginning.

Together with and subject to a non exclusive 66 foot wide ingress and
egress easement described as: An area of land in the North 1/4 of
Section 17, Town 3 South, Range 3 East, Sharon Township, Washtenaw
County, Michigan; the boundary of said area being described as
commencing at the Northeast 1/4 corner of Section 17, Town 3 South,
Range 3 East, Washtenaw County, Michigan; thence North 00 degrees 19
minutes 10 seconds East, along the East section line, 639.60 feet to
the Point of Beginning; thence North 90 degrees 00 minutes 00 seconds
West 2025.25 feet; thence North 00 degrees 19 minutes 10 seconds East
66.00 feet; thence South 90 degrees 00 minutes 00 seconds East 2025.25
feet; thence South 00 degrees 19 minutes 10 seconds West, along the
East section line, 66.00 feet to the Point of Beginning.

Tax ID # 15-17-100-011

6. Class Six - Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]

| Creditor | Amount | Interest Rate |
|---|---|---|
| **Michigan Department of Treasury** | **2,071.64** | **0%** |
| **Internal Revenue Service** | **1,778.00** | **0%** |

7. Class Seven - Special Unsecured Claims shall be paid in full and concurrently with Class Eight General Unsecured Claims.

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| **-NONE-** | | | |

8. Class Eight - General Unsecured Claims shall be paid their pro rata share of the base amount of $15,335.46. This Plan shall provide either the base amount stated or shall continue for the length stated, whichever will offer the greater dividend to general unsecured creditors in this class.

9. Other Provisions: None.

## II. GENERAL PROVISIONS

A. **THIS PLAN FOLLOWS THE TRUSTEE'S PLAN IN ALL RESPECTS, WITH THE EXCEPTION OF:**
   I(D)(5), I(D)(8), II(F)(5)

B. **VESTING, POSSESSION OF ESTATE PROPERTY AND LIEN RETENTION**: Upon confirmation of the Plan, all property of the estate shall vest in the debtor [11 U.S.C. §1327(b)]. The debtor shall remain in possession of all property of the estate during the pendency of this case unless specifically provided herein [11 U.S.C. §1306(b)]. All secured creditors shall retain the liens securing their claims unless otherwise stated.

C. **SURRENDER OR ABANDONMENT OF COLLATERAL**: Upon confirmation the automatic stay is lifted as to any collateral treated as surrendered or abandoned.

D. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT**: While this case is pending, the debtor shall not incur a debt in excess of $1,000.00 without first obtaining approval from the Court.

E. **UNSCHEDULED CREDITORS FILING CLAIMS**: If a pre- or post-petition creditor is not listed in the Chapter 13 Schedules, but files a proof of claim, the Trustee is authorized to classify the claim into one of the existing classes under this Plan and to schedule the claim for payment within that class.

F. **PROOFS OF CLAIMS FILED AT VARIANCE WITH THE PLAN**: In the event that a creditor files a proof of claim that is at variance with the provisions of this Plan, the following method is to be employed to resolve the conflict:

   1. Regarding claims for which the Plan does not propose a "cramdown" or modification, the proof of claim shall supersede the Plan as to the claim amount, percentage rate of interest, monthly payments, classification of the claim, percentage of interest on arrears, if any, but the proof of claim shall not govern as to the valuation of collateral.

   2. As to claims for which the Plan proposes a "cramdown" or modification, the proof of claim governs only as to the claim amount, but not with respect to any of the other aforementioned contractual terms.

   3. If a holder of a claim files a proof of claim at variance with this Plan or related schedules, the Trustee shall automatically treat that claim as the holder indicated, unless provided otherwise by order of the Court.

   4. A proof of claim or interest shall be deemed filed under 11 U.S.C. §501 for any claim or interest that appears in Classes Two, Three, Four or Five of this plan, except a claim or interest that is disputed, contingent or non-liquidated and labeled as such in this plan.

      **NOTE:** Debtor reserves the right to object to any claim.

   5. As to any secured claim specified in Class 5 for which the Plan proposes to "strip" the lien and treat the claim as wholly unsecured pursuant to 11 USC Section 506 and 11 USC Section 1322, entry of the Order Confirming Plan shall control the classification of any Proof of Claim filed regarding the claim for which the lien is being stripped and such proof of claim will be classified as a Class 8 unsecured claim, but the Proof of Claim shall control as to the amount of the allowed Class 8 unsecured claim. Upon entry of a discharge, the creditor whose lien is "stripped" shall at its own cost and expense execute and deliver to Debtor a satisfaction or release of the lien, in recordable form. Debtor shall be responsible for and shall bear any cost associated with the recording of that satisfaction or release in the applicable public records.

G. **TAX RETURNS AND TAX SET-OFFS**: All tax returns which have become due prior to the filing of this Plan have been filed except the following (see L.B.R. 2083-1(E.D.M.) regarding non-filed returns):
   **-NONE-**

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

**H.** **DEBTOR ENGAGED IN BUSINESS**: [ ] If the box to the immediate left is "checked", the debtor is self-employed **AND** incurs trade credit in the production of income from such employment.
  1. 11 U.S.C. §1304(b) and (c) regarding operation of the business and duties imposed upon the debtor are incorporated herein by reference.
  2. The debtor shall comply with the provisions of L.B.R. 3015-1(a)(8) and 2003-2(a)(b) (E.D.M.) unless the Court orders otherwise.

**I.** **ORDER OF PAYMENT OF CLAIMS**: Class One claims shall be paid in advance of others, then Classes Two and Three in advance of all remaining classes, then Classes Four and Five, then Class Six, and then Classes Seven and Eight shall be paid as stated in each respective section. [LBR 3015-1(a)(5) (E.D.M.)]

**J.** **WORKSHEET**: The worksheet on a form available from the clerk's office, is required by L.B.R. 3015-1(b)(2) (E.D.M.). It is attached hereto and incorporated herein by reference.

**K.** **CONFLICT OF DEBT AMORTIZATION**: If the amortization figures conflict with respect to those stated in Class 2b, Class 3, Classes 4 Class 5, the time to cure shall be paramount, and the Trustee shall make alterations to implement this statement.

**L.** **DEBTOR DUTY TO MAINTAIN INSURANCE**: Debtor shall maintain all insurance required by law and contract upon property of the estate and the debtor's property. After confirmation of this Plan, if the debtor fails to maintain full coverage collateral protection insurance as required above, any party in interest may submit an affidavit of default and in the event that the default is not cured within ten (10) days from the date of service of the affidavit upon the debtor, debtor's counsel and the Trustee, said party may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with a further affidavit attesting to the debtor's failure to cure. Said Order shall be granted without motion or hearing.

**M.** **ENTRY OF ORDERS LIFTING STAY**: Upon entry of Order Lifting Stay, no distributions shall be made to the secured creditor until such time as an amended claim is filed by such creditor.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

N. LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY [LBR 3015-1(b)(1)]:

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 401,444.00 | 395,275.38 | 20,843.00 | 20,559.94 | 283.06 |
| VEHICLES | 38,290.00 | 46,408.06 | 0.00 | 0.00 | 0.00 |
| HHG/PERSONAL EFFECTS | 4,750.00 | 0.00 | 4,750.00 | 4,750.00 | 0.00 |
| JEWELRY | 2,150.00 | 0.00 | 2,150.00 | 2,100.00 | 50.00 |
| CASH/BANK ACCOUNTS | 990.06 | 0.00 | 990.06 | 990.06 | 0.00 |
| OTHER | 112,410.14 | 0.00 | 112,410.14 | 112,410.14 | 0.00 |

Amount available upon liquidation $ **333.06**

Less administrative expenses and costs $ **0.00**

Less priority claims $ **3,849.64**

Amount Available in Chapter 7 $ **0.00**

| | |
|---|---|
| /s/ Guy T. Conti | /s/ Sarah Lyn Holda |
| **Guy T. Conti 03673-2005 (NJ) P68889 (MI)** | **Sarah Lyn Holda** |
| Attorney for Debtor | Debtor |
| **ContiLegal** | |
| **2002 Hogback Road** | /s/ Christopher William Holda |
| **Suite 11** | **Christopher William Holda** |
| **Ann Arbor, MI 48105-9736** | Joint Debtor |
| gconti@contilegal.com | |
| **888-489-3232 Fax:888-848-8228** | **August 2, 2010** |
| Phone Number | Date |

Length of Plan:                                        60 months

| | | | |
|---|---|---|---|
| $1,761.45 per month | x | 48 months | $84,549.60 total per Plan |
| $2,379.83 per month | x | 2 months | $4,759.66 total per Plan |
| $2,737.46 per month | x | 10 months | $27,374.60 total per Plan |
| per pay period | x | pay periods = | $0.00 total per Plan |

Total Paid Into Plan:                                                                      $116,683.86

| | |
|---|---|
| Estimated Trustee's Fees | $8,167.87 |
| Attorney Fees and Costs | $8,048.00 |
| Priority Claims | $3,849.64 |
| Installment/Mortgage/ Long Term Debt Payments: | $53,050.20 |
| Total of Arrearage Including Interest | $876.40 |
| Total Secured Claims, including interest | $27,356.29 |
| SUB TOTAL | $101,348.40 |

Funds Available for Unsecured Creditors:                                $15,335.46

Total Unsecured Claims (if all file):                                         $415,687.47

Estimated Percentage to unsecured Creditors:                       BASE

Liquidation Value if Chapter 7:                                                 $0.00

NOTES: